Case Number: PC-2020-07421
Filed in Providence/Bristol County Superior Court
Submitted: 10/22/2020 7:35 PM
Envelope: 2803567
Reviewer: Rachel L.

Case 1:20-cv-00543-MSM-PAS   Document 1-5   Filed 12/30/20   Page 1 of 10 PageID #: 23

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
SUPERIOR COURT                                                       PROVIDENCE, S.C.

C.A. No.

| | | |
|---|---|---|
| JOSEPH RICCI, | } | |
| CUSTOM CONSTRUCTION SERVICES, LLC | } | COMPLAINT AND |
| *Plaintiff's* | } | DEMAND FOR TRIAL |
| vs. | } | BY JURY |
| | } | |
| TOWN OF SMITHFIELD | } | |
| STATE OF RHODE ISLAND | } | |
| *Defendants* | } | |
| | } | |

## COMPLAINT

### PARTIES

1.      Joseph Ricci is a resident of 151 County Road, Smithfield, Providence County, Rhode Island, 02917.

2       Custom Construction Services, LLC is a construction company located at 256 Putnam Pike, Smithfield, Providence County, Rhode Island, 02917.

3.      Defendants are the Town of Smithfield and the State of Rhode Island.

### JURISDICTION AND VENUE

4.      The amount in controversy is sufficient to invoke jurisdiction of this court.

5.      This is the proper venue because facts giving rise to the claim all occurred in the Town of Smithfield, Providence County, Rhode Island.

### FACTS

6.      The Plaintiffs incorporate by reference paragraphs 1-5 of the Complaint.

7.      Joseph Ricci (hereinafter "Mr. Ricci") owns a commercial building located at 256 Putnam Pike, Smithfield, Rhode Island. Mr. Ricci is the sole owner of Custom Construction Services, LLC, and previously ran his construction business out of his commercial property located at 256 Putnam Pike, Smithfield, Rhode Island. Prior to the events described in this Complaint, Mr. Ricci utilized the property both for his own business as well as rented to commercial tenants.

8.      In September of 2017, the Smithfield PD received an unexplained and unverified

Case Number: PC-2020-07421
Filed in Providence/Bristol County Superior Court
Submitted: 10/22/2020 7:35 PM
Envelope: 2803567
Reviewer: Rachel L.

Case 1:20-cv-00543-MSM-PAS     Document 1-5     Filed 12/30/20     Page 2 of 10 PageID #: 24

tip from a first-time confidential informant that Mr. Ricci was growing and selling marijuana from his commercial building at 256 Putnam Pike, Smithfield, Rhode Island.

9. In September 2017 Mr. Ricci was licensed to grow marijuana in Rhode Island as both a registered medical marijuana patient and caregiver. The Department of Health confirmed for the Smithfield PD that Mr. Ricci was licensed with a Rhode Island medical marijuana patient card and two active medical marijuana caregiver cards.

10. The Smithfield PD deemed that Mr. Ricci should have a cooperative cultivation license to grow marijuana, which is not required under the Slater Hawkins Act RIGL Ch. 21-28.6, or the Rhode Island medical marijuana regulations promulgated by the Department of Business Regulation, 230-RICR-80-05-1.

11. Based on this unverified and incorrect information, the Smithfield PD conducted surveillance on the building and on Mr. Ricci's Mercedes-Benz Sprinter van.

12. The initial search of Mr. Ricci's building involved the use of a Vision Systems MX-2 thermal imaging gun from outside the property. Part of the "probable cause" for the search warrant for the thermal imaging gun was that Mr. Ricci allegedly drove "evasively" because he took side streets to avoid traffic on main roads, a behavior which is not illegal nor is sufficient probable cause for a proper search warrant.

13. The thermal imaging gun verified what the Smithfield PD already was aware of; that Mr. Ricci was growing medical marijuana within the property at 256 Putnam Pike, as was permitted by both his medical marijuana patient card and his caregiver status.

14. Upon information and belief, there is no scientific procedure which permits a thermal imaging gun to be able to distinguish the amount of marijuana being grown. Because of this, it was not possible for the Smithfield PD to make any determination based on the thermal imaging that Mr. Ricci had more medical marijuana than was permitted as a patient and caregiver.

15. On October 23, 2017 the Smithfield PD unconstitutionally searched Mr. Ricci's real property and personal property belonging to both Mr. Ricci personally and to his construction company, trespassed on Mr. Ricci's real property, arrested Mr. Ricci, and seized property belonging to Mr. Ricci individually as well as property owned by his construction company Custom Construction Services, LLC (such as his work van and tools) without sufficient probable cause for a search.

16. Mr. Ricci was charged with Possession of Marijuana and Possession with The Intent to Deliver. R.I.G.L 21-28-4.01(A)(2)(a)-(A)(5). Mr. Ricci was well within the appropriate limits at the time for the number of marijuana plants and had the correct tags for all the medical marijuana plants.

17. Mr. Ricci's plants were more productive than is permitted under Rhode Island law, however, and therefore his total amount of "usable marijuana" was over the permitted

Case Number: PC-2020-07421
Filed in Providence/Bristol County Superior Court
Submitted: 10/22/2020 7:35 PM
Envelope: 2803567
Reviewer: Rachel L.

Case 1:20-cv-00543-MSM-PAS     Document 1-5     Filed 12/30/20     Page 3 of 10 PageID #: 25

amount. Ultimately almost all the charges against Mr. Ricci were dismissed, and Mr. Ricci entered a plea of Nolo Contendere to a "visiting a common nuisance" charge. The maximum statutory fine for this offense is $500.00.

18.     Following the illegal and unconstitutional search and arrest, the Rhode Island Attorney General and the Town of Smithfield initiated a civil forfeiture against Mr. Ricci's and Custom Construction LLC's property, case number PC-2017-5620.

19.     After the illegal and unconstitutional search, trespass, arrest, and seizure of Mr. Ricci and Custom Construction LLC's property, Smithfield PD, through a Smithfield Building Inspector, shut off all power and utilities to 256 Putnam Pike.

20.     As a result of this action, the pipes froze at 256 Putnam Pike froze and burst, the floor and basement flooded, machinery and building mechanicals were destroyed, and mold grew to unsafe levels because of the Town's and State's negligence and lack of care for the property.

21.     As a result of the illegal seizure, conversion of the property, and waste committed against the property, the Town and State have committed upwards of $80,000.00 in damage to 256 Putnam Pike, Smithfield, Rhode Island, and resulted in the loss of $560,000.00 in lost rents from tenants of Mr. Ricci's at 256 Putnam Pike, Smithfield, Rhode Island.

22.     In total, Mr. Ricci has suffered over $1.7 million in damages because of the actions of the Town and State. In accordance with RIGL §45-15-5, Mr. Ricci presented the Town of Smithfield with a demand letter on August 20, 2020, more than forty days prior to the filing of this complaint.

## COUNT I
## TRESPASS TO REAL PROPERTY
(RICCI v. TOWN OF SMITHFIELD AND STATE OF RHODE ISLAND)

23.     The Plaintiffs incorporate by reference paragraphs 1-22 of the Complaint as if fully alleged herein.

24.     On October 23, 2017, the Smithfield PD did not have either permission nor probable cause to enter into Mr. Ricci's property at 256 Putnam Pike, the Smithfield PD have committed trespass and are liable to Mr. Ricci for damages relative to the trespass.

25.     The Smithfield PD wrongfully entered Mr. Ricci's property multiple times to shut off utilities to the 256 Putnam Pike building and seize his property. As a result, the Town is liable to Mr. Ricci for the trespass committed upon his property.

26.     The Town, through the Smithfield PD and building inspector, shut off the electrical utilities to the building, which caused massive flooding in the building. The flooding damaged the mechanicals of the building and caused a major mold issue in the basement.

Case Number: PC-2020-07421
Filed in Providence/Bristol County Superior Court
Submitted: 10/22/2020 7:35 PM
Envelope: 2803567
Reviewer: Rachel L.

Case 1:20-cv-00543-MSM-PAS    Document 1-5    Filed 12/30/20    Page 4 of 10 PageID #: 26

27. The Town of Smithfield and State of Rhode Island, as joint tortfeasors, failed to reasonably upkeep 256 Putnam Pike while the building has been in their control, leading to major damages.

28. On October 22, 2020 at approximately 8:59am, the Smithfield Police pushed aside caution tape restricting access to the property located at 256 Putnam Pike, and once again trespassed on to Mr. Ricci's property without a warrant or probable cause.

29. The damages to Mr. Ricci as a result of the State and Town's trespass on his property include the actual damages as a result of the flooding, the loss of rental income to Mr. Ricci, and the loss of the space for use by his construction company. The damages caused by the Town and State to 256 Putnam Pike are over $80,000.00, and the Town and State's trespass on the property has resulted in the loss of $560,000.00 of commercial rents.

## COUNT II
## CONVERSION
### (RICCI & CUSTOM CONSTRUCTION LLC v. TOWN OF SMITHFIELD AND STATE OF RHODE ISLAND)

30. The Plaintiffs incorporate by reference paragraphs 1-29 of the Complaint as if fully alleged herein.

31. The Town and State have exercised dominion over the personal property of Mr. Ricci, which is inconsistent with his property interest, and has deprived him of his property for an indefinite time.

32. The Town and State has converted Mr. Ricci's property, including his medical marijuana cultivation supplies, the tools of his construction company, and his work van.

33. The Smithfield PD also seized Mr. Ricci's cultivation equipment, and the State initiated a forfeiture action against the cultivation equipment, which Mr. Ricci was permitted to own as a medical marijuana patient and caregiver. The total cost of this equipment was approximately $50,000.00.

34. The Smithfield PD seized the tools belonging to Mr. Ricci's construction company and his work van, and the State initiated a forfeiture action against the tools and work van. There were no facts alleged which could not have possibly resulted in Mr. Ricci using his work tools in the crimes which Mr. Ricci was charged with.

35. Mr. Ricci's lack of access to his tools and work van resulted in a significant financial loss to Mr. Ricci, as he was unable to perform his trade. Because of the loss of his work tools and van, Mr. Ricci and Custom Construction LLC sustained over $700,000.00 in lost income.

## COUNT III

Case Number: PC-2020-07421
Filed in Providence/Bristol County Superior Court
Submitted: 10/22/2020 7:35 PM
Envelope: 2803567
Reviewer: Rachel L.

Case 1:20-cv-00543-MSM-PAS  Document 1-5  Filed 12/30/20  Page 5 of 10 PageID #: 27

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(RICCI v. TOWN OF SMITHFIELD)

36. The Plaintiffs incorporate by reference paragraphs 1-35 of the Complaint as if fully alleged herein.

37. The Smithfield Police's conduct was taken in reckless disregard of the probability of causing emotional distress to Mr. Ricci. The Smithfield Police's conduct should be considered extreme and outrageous, as it was a violation of Mr. Ricci's rights under the United States Constitution and the Rhode Island Constitution for the lack of probable cause for the search, and Mr. Ricci's rights as a medical marijuana patient and caregiver. Upon information and belief, the Town of Smithfield and the Smithfield Police have an ongoing antagonism towards medical marijuana patients within the Town, and this was part of the motivation to intentionally inflict emotional distress on Mr. Ricci.

38. The effect of the wrongful search and seizure of Mr. Ricci and his property caused him severe emotional distress. Mr. Ricci suffers from severe depression and anxiety from the incident.

## COUNT IV
## VIOLATION OF 42 U.S. Code § 1983 BY VIOLATION OF RICCI'S FOURTH AMENDMENT RIGHTS
(RICCI v. TOWN OF SMITHFIELD)

39. The Plaintiffs incorporate by reference paragraphs 1-38 of the Complaint as if fully alleged herein.

40. The sole evidence presented for the search of Mr. Ricci's property with the thermal imaging gun was a first time and unsubstantiated confidential informant, and an observation by Smithfield police that Mr. Ricci was driving on side roads. This was not sufficient probable cause for the issuance of the thermal imaging search warrant.

41. Following the thermal imaging search of Mr. Ricci's property, the only additional evidence that the Smithfield Police obtained was that Mr. Ricci was cultivating marijuana on the property, which he was permitted to do as a medical marijuana patient and caregiver. Upon information and belief, there is no way that the Smithfield police could determine the amount of medical marijuana being cultivated by Mr. Ricci based on the thermal imaging results.

42. There was not sufficient probable cause for either the search of Mr. Ricci's property using the thermal imaging, nor for the physical search of Mr. Ricci's property.

43. Because the initial search which led to Mr. Ricci's arrest was unconstitutional, Mr. Ricci's arrest should be considered "fruit of the poisonous tree," and Mr. Ricci's arrest and the seizure of his property were both unconstitutional seizures.

Case Number: PC-2020-07421
Filed in Providence/Bristol County Superior Court
Submitted: 10/22/2020 7:35 PM
Envelope: 2803567
Reviewer: Rachel L.

Case 1:20-cv-00543-MSM-PAS   Document 1-5   Filed 12/30/20   Page 6 of 10 PageID #: 28

44. The Town of Smithfield, through the Smithfield Police, subjected Mr. Ricci to conduct that occurred under the color of state law. This conduct deprived Mr. Ricci of his right to be free from unreasonable search and seizure under the Fourth Amendment of the United States Constitution.

45. Upon information and belief, the Town of Smithfield and the Smithfield PD have a well-documented history of attempting to curtail medical marijuana patients' rights and to harass and intimidate medical marijuana patients, which was the actual motivation behind the unconstitutional search and seizure.

46. As a direct result of the Town of Smithfield and the Smithfield PD egregious actions Mr. Ricci's constitutional and statutory rights were violated pursuant to 42 U.S. Code § 1983.

47. As a direct result of the Town of Smithfield and the Smithfield PD egregious actions, Mr. Ricci has been deprived of his right to be free of a search and seizure without probable cause under the 4th Amendment of the US Constitution.

48. As a direct result of the Town's unconstitutional search and seizure, Mr. Ricci has lost thousands of dollars in rent in his commercial building, lost his construction business, and has suffered serious financial damages. The actual damages suffered by Mr. Ricci are over $1.7 million dollars.

## COUNT V
## VIOLATION OF RICCI'S RIGHTS UNDER THE RHODE ISLAND CONSTITUTION TO BE FREE OF UNREASONABLE SEARCH AND SEIZURE
(RICCI v. TOWN OF SMITHFIELD AND STATE OF RHODE ISLAND)

49. The Plaintiffs incorporate by reference paragraphs 1-48 of the Complaint as if fully alleged herein.

50. Article 1 § 6 of the Rhode Island Constitution protects persons in Rhode Island searches and seizures without probable cause.

51. The sole evidence presented for the search of Mr. Ricci's property with the thermal imaging gun was a first time and unsubstantiated confidential informant, and an observation by Smithfield police that Mr. Ricci was driving on side roads. This was not sufficient probable cause for the issuance of the thermal imaging search warrant.

52. Following the thermal imaging search of Mr. Ricci's property, the only additional evidence that the Smithfield Police obtained was that Mr. Ricci was cultivating marijuana on the property, which he was permitted to do as a medical marijuana patient and caregiver. Upon information and belief, there is no way that the Smithfield police could determine the amount of medical marijuana being cultivated by Mr. Ricci based on the thermal imaging results.

Case Number: PC-2020-07421
Filed in Providence/Bristol County Superior Court
Submitted: 10/22/2020 7:35 PM
Envelope: 2803567
Reviewer: Rachel L.

Case 1:20-cv-00543-MSM-PAS   Document 1-5   Filed 12/30/20   Page 7 of 10 PageID #: 29

53. There was not sufficient probable cause for either the search of Mr. Ricci's property using the thermal imaging, nor for the physical search of Mr. Ricci's property.

54. Because the initial search which led to Mr. Ricci's arrest was unconstitutional under the Rhode Island Constitution, Mr. Ricci's arrest should be considered "fruit of the poisonous tree." Mr. Ricci's arrest and the seizure of his property were both unconstitutional seizures under the Rhode Island Constitution.

55. The Town of Smithfield, through the Smithfield Police, and the State, subjected Mr. Ricci to conduct that occurred under the color of state law. This conduct deprived Mr. Ricci of his right to be free from unreasonable search and seizure under Article 1 § 6 of the Rhode Island Constitution.

56. Upon information and belief, the Town of Smithfield and the Smithfield PD have a well-documented history of attempting to curtail medical marijuana patients' rights and to harass and intimidate medical marijuana patients, which was the actual motivation behind the unconstitutional search and seizure.

57. As a direct result of the Town's unconstitutional search and the Town and State's unconstitutional seizure, Mr. Ricci has lost thousands of dollars in rent in his commercial building, lost his construction business, and has suffered serious financial damages. The actual damages suffered by Mr. Ricci are over $1.7 million dollars.

## COUNT VI
## VIOLATION OF RICCI'S DUE PROCESS RIGHTS UNDER THE 14th AMENDMENT OF THE US CONSTITUTION
(RICCI v. TOWN OF SMITHFIELD AND STATE OF RHODE ISLAND)

58. The Plaintiffs incorporate by reference paragraphs 1-57 of the Complaint as if fully alleged herein.

59. Because the search and seizure of Ricci's property and person was a violation of his rights under the Fourth Amendment of the US Constitution, the Town violated Ricci's Fourteenth Amendment right to Due Process.

60. As a direct result of the Town and State's violation of Mr. Ricci's Fourteenth Amendment Due Process rights, Mr. Ricci has lost thousands of dollars in rent in his commercial building, lost his construction business, and has suffered serious financial damages. The actual damages suffered by Mr. Ricci are over $1.7 million dollars.

## COUNT VII
## VIOLATION OF MR. RICCI'S DUE PROCESS RIGHTS UNDER THE RHODE ISLAND CONSTITUTION
(RICCI v. TOWN OF SMITHFIELD AND STATE OF RHODE ISLAND)

Case Number: PC-2020-07421
Filed in Providence/Bristol County Superior Court
Submitted: 10/22/2020 7:35 PM
Envelope: 2803567
Reviewer: Rachel L.

Case 1:20-cv-00543-MSM-PAS     Document 1-5     Filed 12/30/20     Page 8 of 10 PageID #: 30

61. The Plaintiffs incorporate by reference paragraphs 1-60 of the Complaint as if fully alleged herein.

62. Because the search and seizure of Ricci's property and person was a violation of his rights under Article 1 § 6 of the Rhode Island Constitution, the Town violated Ricci's right to Due Process under the Rhode Island Constitution, Article 1§ 2.

63. As a direct result of the Town and State's violation of Mr. Ricci's Article 1 § 2 Due Process rights under the Rhode Island Constitution, Mr. Ricci has lost thousands of dollars in rent in his commercial building, lost his construction business, and has suffered serious financial damages. The actual damages suffered by Mr. Ricci are over $1.7 million dollars.

## COUNT VIII
## VIOLATION OF THE EXCESSIVE FINES CLAUSE OF THE EIGHTH AMENDMENT OF THE US CONSTITUTION
(RICCI v. TOWN OF SMITHFIELD AND STATE OF RHODE ISLAND)

64. The Plaintiffs incorporate by reference paragraphs 1-63 of the Complaint as if fully alleged herein.

65. In initiating the forfeiture action, the Town and State have seized over approximately $700,000.00 of Mr. Ricci's property between the commercial real estate, his work tools, his cultivation equipment, and his work van. This seizure and forfeiture are stemming from what ultimately was a charge of "visiting a common nuisance," a charge with no more than a $500.00 fine as punishment. Because the seizure and attempted forfeiture are grossly disproportionate to the seriousness of the offense, the seizure of Mr. Ricci's property by the Town and State of Rhode Island is an excessive fine, and is a violation of Mr. Ricci's rights under the 8th Amendment of the US Constitution.

66. As a direct result of the Town of Smithfield and the Smithfield PD egregious actions Mr. Ricci's rights under both the United States Constitution and the Rhode Island Constitution have resulted in substantial losses to Mr. Ricci.

67. The damages to Mr. Ricci's building and loss of his construction business has resulted in significant pain and suffering. Mr. Ricci has incurred substantial debt and legal expenses because of the unconstitutional actions of the Town of Smithfield and the State of Rhode Island. The actual damages suffered by Mr. Ricci are over $1.7 million dollars.

## COUNT IX
## VIOLATION OF THE EXCESSIVE FINES CLAUSE OF THE RHODE ISLAND CONSTITUTION
(RICCI v. TOWN OF SMITHFIELD AND STATE OF RHODE ISLAND)

68. The Plaintiffs incorporate by reference paragraphs 1-67 of the Complaint as if fully alleged herein.

Case Number: PC-2020-07421
Filed in Providence/Bristol County Superior Court
Submitted: 10/22/2020 7:35 PM
Envelope: 2803567
Reviewer: Rachel L.

Case 1:20-cv-00543-MSM-PAS   Document 1-5   Filed 12/30/20   Page 9 of 10 PageID #: 31

69. In initiating the forfeiture action, the Town and State have seized over approximately $700,000.00 of Mr. Ricci's property between the commercial real estate, his work tools, his cultivation equipment, and his work van. This seizure and forfeiture are stemming from what ultimately was a charge of "visiting a common nuisance," a charge with no more than a $500.00 fine as punishment. Because the seizure and attempted forfeiture are grossly disproportionate to the seriousness of the offense, the seizure of Mr. Ricci's property by the Town and State of Rhode Island is an excessive fine, and is a violation of Mr. Ricci's rights under Article 1§ 8 of the Rhode Island Constitution.

70. The damages to Mr. Ricci's building and loss of his construction business has resulted in significant pain and suffering. Mr. Ricci has incurred substantial debt and legal expenses because of the unconstitutional actions of the Town of Smithfield and the State. The actual damages suffered by Mr. Ricci are over $1.7 million dollars.

## COUNT X
## VIOLATION OF MR. RICCI'S RIGHTS UNDER THE RHODE ISLAND CIVIL RIGHTS ACT
(RICCI v. TOWN OF SMITHFIELD)

71. The Plaintiffs incorporate by reference paragraphs 1-70 of the Complaint as if fully alleged herein.

72. The Town of Smithfield has a history of attempting to curtail medical marijuana patient rights.

73. It has been established by the Rhode Island Supreme Court that medical marijuana patients are considered a protected class, as their patient status provides them the protection afforded to people with disabilities under the RI Civil Rights Act.

74. The Town of Smithfield police targeted Mr. Ricci because of his patient status, to deprive him of the full and equal benefit of all laws.

75. As a direct result of The Town of Smithfield and the Smithfield PD egregious actions Mr. Ricci's rights were violated under the Rhode Island Civil Rights Act.

76 The damages to Mr. Ricci's building and loss of his construction business has resulted in significant pain and suffering. Mr. Ricci has incurred substantial debt and legal expenses because of the actions of the Town of Smithfield in violation of his civil rights under Rhode Island law. The actual damages suffered by Mr. Ricci are over $1.7 million dollars.

## COUNT XI
## REPLEVIN
(RICCI v. TOWN OF SMITHFIELD AND STATE OF RHODE ISLAND)

Case Number: PC-2020-07421
Filed in Providence/Bristol County Superior Court
Submitted: 10/22/2020 7:35 PM
Envelope: 2803567
Reviewer: Rachel L.

Case 1:20-cv-00543-MSM-PAS   Document 1-5   Filed 12/30/20   Page 10 of 10 PageID #: 32

77. The Plaintiffs incorporate by reference paragraphs 1-76 of the Complaint as if fully alleged herein.

78. The Town of Smithfield and the State of Rhode Island are in possession of the 2014 Mercedes-Benz Sprinter 250 Van, of which Mr. Ricci is the lawful owner.

79. Upon information and belief, the Van owned by Mr. Ricci is presently being held at the Smithfield Police station.

80. The Van is currently valued at approximately $30,000.00.

81. The Van was taken unlawfully, without Mr. Ricci's consent, because of an unconstitutional search and seizure.

82. The Defendants the Town of Smithfield and the State of Rhode Island are in wrongful possession of the Van.

83. As a result of the wrongful possession, Mr. Ricci and Custom Construction LLC have significantly suffered damages to his construction business, which has resulted in significant pain and suffering. Mr. Ricci has incurred substantial debt and legal expenses because of the actions of the Town of Smithfield and the State of Rhode Island because of his deprivation of property. The actual damages suffered by Mr. Ricci are over $1.7 million dollars.

## JURY DEMAND

The Plaintiff hereby respectfully requests a trial by jury on each and every issue plead within this Complaint or to be pleaded.

PLAINTIFFS,
by their attorney,

/s/Megan E. Sheehan
Megan E. Sheehan (9804)
Sheehan & Associates
65 Bay Spring Avenue
Barrington, RI 02806
Office Phone: (401) 400-5839
Fax: 401-223-4840
megan@sheehanlawoffice.net

Date: October 22, 2020