# UNITED STATES DISTRICT COURT
### DISTRICT OF RHODE ISLAND
### CIVIL DIVISION

| | |
|---|---|
| JOSEPH RICCI and CUSTOM CONSTRUCTION SERVICES, LLC,<br><br>*Plaintiff(s),*<br><br>v.<br><br>STATE OF RHODE ISLAND and TOWN OF SMITHFIELD<br><br>*Defendant(s).* | CIVIL ACTION NO.:<br>1:20–cv–543–MSM–PAS |

### **PLAINTIFF'S INTERROGATORIES TO DEFENDANTS**

      Pursuant to Fed. R. Civ. P. 33, Plaintiffs, Joseph Ricci and Custom Construction Services, LLC (collectively "Plaintiffs") by their attorney, hereby propounds the following Interrogatories on the Defendant, Town of Smithfield, to produce for copying and/or inspection true copies of the following documents within 30 days of service for these Interrogatories. These Interrogatories shall be deemed to be continuing up to the time of trial so as to require supplemental answers if additional information or additional facts become available. Additionally, Plaintiffs reserve the right to serve supplemental interrogatories on the Defendant as necessary to complete fact discovery in this matter.

### **INSTRUCTIONS**

    1.  These Interrogatories are to be answered by You fully and completely by providing all information which is or may be available to You, or any person, employee, agent, expert, accountant or attorney who has acted or is now acting on Your behalf.

    2.  If, after reasonable and thorough investigation, using due diligence, You are unable to answer any interrogatory, or any part thereof, on the grounds of lack of information available to You, specify in full and complete detail why the information is not available to You and what has been done to locate such information. In addition, specify what knowledge or belief You do have concerning the unanswered portion of any interrogatory and set forth the facts upon which such knowledge or belief is based.

3.  These Interrogatories are continuing in nature and responses which You later learn are inaccurate or incomplete are to be seasonably and promptly supplemented.

## DEFINITIONS

1.  The term "Plaintiffs" means the Plaintiff, Joseph Ricci and Custom Construction Services LLC and their attorneys, agents, or other individuals presently acting or purporting to have acted on behalf of Joseph Ricci and Custom Construction Services.

2.  The term "Defendant" or "You" means Defendant, State of Rhode Island, and its attorneys, agents, or other individuals presently acting or purporting to have acted on behalf of the State of Rhode Island.

3.  The term "person" means any natural person or any business, legal, or governmental entity or association.

4.  The term "communication" means all oral conversations, discussions, letters, telegrams, memoranda, meetings, conferences, discussions, notes, internal memoranda, email, voicemail, facsimile, and any transmission of information in any form, both oral and written.

5.  The term "concerning" means referring to, relating to, describing, evidencing, or constituting.

6.  The term "document" means, without limitation, all items printed, recorded, reproduced by any mechanical process, written or produced by hand, including but not limited to: legal documents, daily reports, logs, photographs, tapes, agreements, drafts of agreements, business records, interoffice communications, correspondence, telegrams, internal or other memoranda, summaries or records of telephone conversations, telegrams, diaries, graphs, films, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries of records of personal conversations, interviews, meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, letters, invoices, and data stored electronically, including but not limited to email, voicemail, floppy disks, hard drives, CD-ROM and deleted and erased computer records, which are in the possession or control of the answering party.

7.  The term "including" or "include" shall mean including but not limited to, or to include but not limit your answer to, so as to not limit the scope of the inquiry.

## INTERROGATORIES

**Interrogatory No. 1:**
1.  Please state the names, present addresses, and telephone numbers of any and all persons whom you believe to have any knowledge or information pertaining to the matters set forth in the Answer, its causes or consequences, or who may testify in this matter, and set forth what information you know or believe such person or persons have and how such person or persons acquired such knowledge.

2. Please state the names and present addresses of those persons who have given you, or any person, firm or corporation acting on your behalf, statements, reports, voice recordings or memoranda, relating to the matters set forth in the Answer, its causes or consequences, and please provide the date of each item, and the name and address of the person, firm or corporation having present possession or custody of each such item.

3. If any such statement, report, or memoranda identified in the answer to the preceding Interrogatory has been communicated by or reduced to writing, identify such written record stating the names and addresses of the person or persons who gave and took them, and the name and present address of the person having present custody of same.

4. Please state the name, address and specialty of each and every expert you and/or your counsel have consulted, retained and/or intend to have testify on your behalf regarding this case and as to each such expert, please state:
   a. The field of specialty of the expert;
   b. The subject matter upon which the expert is expected to testify;
   c. A detailed statement of the facts upon which each expert will rely in expressing an opinion at trial;
   d. The substance of the opinions on which each such expert will rely in expressing an opinion at trial; and
   e. A summary of the grounds for each opinion

5. Describe the testing which the Smithfield Police had performed on the marijuana seized at Mr. Ricci's property, including but not limited to, the test of the moisture content in marijuana. For each test, indicate the date of testing, and who the testing was performed by.

6. State the "Personal Knowledge" the Smithfield Police Department relied upon when determining the veracity of "Source One," including whether the informant had previously worked with the Smithfield in providing information. Identify the practices, protocols, customs and procedures used in determining whether the confidential informant is credible.

7. Identify whether "Source One" had any pending criminal charges at the time of Source One providing information to the Smithfield Police. If so, please identify the criminal charges, and the ultimate disposition of the charges.

8. Please provide the basis for the Town's assertion that Mr. Ricci required a cooperative cultivation license, even though the Smithfield Police had already ascertained Mr. Ricci's status as a medical marijuana patient and Caregiver.
   a. Identify the exact language in the statute that the Town relied upon in order to determine that Mr. Ricci was operating outside of his medical marijuana patient and Caregiver status, and therefore needed a cooperative cultivation license under Slater Hawkins Act RIGL Ch. 21-28.6-14.

9. Compile any complaints made against the Smithfield Police Department in the past five (5) years, regarding discrimination of against any person, whether or not a resident of Smithfield, based on the third party's medical marijuana patient status. If any complaints have been filed, please list the date of each complaint and the nature of the complaint.

10. Provide communications between the Town and State regarding the decision to bring the forfeiture action.

11. Identify what building code(s) under either Slater Hawkins Act RIGL Ch. 21-28.6 (code providing requirements for growing marijuana in a commercial facility) or RIGL Ch. 23-27.3 (State commercial building code) that were violated and lead to the building inspector to disconnect electricity.
    a. Please list, if any, the specific safety concerns with the building that violated in whole or in part, any portion of RIGL Ch. 23-27.3.

          Respectfully Submitted,

          Plaintiffs,
          Joseph Ricci and Custom Construction Services LLC

          By Their Attorney,

          /s/Megan E. Sheehan
          Megan E. Sheehan, Esq.
          RI Bar #9804
          Sheehan & Associates
          65 Bay Spring Ave
          Barrington, RI 02806
          P: (401) 400-5839
          F: (401) 223-48
          megan@sheehanlawoffice.net

DATED: July 6, 2021

**CERTIFICATE OF SERVICE**

      I, Megan E Sheehan, hereby certify that on 6th day of July, 2021, I filed the foregoing via the ECF filing system and that a copy is available for viewing and downloading. I have also caused a copy to be sent via the ECF System to all counsel of record.

                                                    /s/Megan E. Sheehan
                                                    Megan E. Sheehan, Esq.